Judge Owsley
delivered thp Opinion of tlio Court.
Tills was an action of covenant brought, by Kin - caid against the heirs and administrators of Charles Campbell, deceased, upon the following writing, to wit:
Whereas I, Charles Campbell, have this day employed John Kinraid my attorney, to attend to and manage, a certain suit in the Lincoln circuit court, w herein Lapsiey’s heirs are complainants, and lam defendant, which suit was tried in the Lincoln circuit court, and a decree rendered against me for seven hundred acres of land lying in Garrard county, ami which case was taken by me to the court of appeals, and the decree of the said Lincoln circuit court was affirmed. Now, I have lately discovered that I gave a bond to John A, Lapslcy, father of the complainants, to convey to him five hundred and fifty acres of the tract out of which the aforesaid decree was had for seven hundred acres, which fact was unknown to mo until after the aforesaid decree vyas taken to the court off appeals, and 1 was thereby prevented from defending myself by the use of said bond, by which in justice I should have limited the recovery of the complainants to the number of acres in said bond specified: Now. 1. have employed said Kincaid to attend to said case for me, which is yet depending in the Lincoln circuit court, and if in any way the cause is so. *69 managed that the recovery of the complainants shall be confined to the quantity of land described in said bond, then I oblige myself, my heirs See. to pay to said Kincaid so soon as said matter is determined, the sum of five hundred dollars, and in case he fail in said case, I am to pay him nothing, but it is to be understood, that if he reduces the, quantity of acres already decreed tq the complainants as aforesaid, then I am to pay him in proportion as aforesaid, that is, as five hundred dollars is to. one; hundred and fifty acres of land, in .quantity. Witness my hand and seal this seventeenth day of March, 1818.
Declaration on the covenant, held insufficient.
Charles Campbell, (Seal.)
The declaration of Kincaid, after reciting the aforesaid covenant, avers that in pursuance to his undertaking, and by the assent of Campbell, he drew up, and presented to the Lincoln circuit court, a petition, setting out causes for opening the decree pronounced in favor of the heirs of Lapsley, and praying permission of the court to exhibit a bill of review; that further, in pursuance to his engagement, the said Kincaid did in obedience to an order of court made upon his petition, draw up a bill of review, which being signed and sworn to by Campbell, was regularly filed; that the heirs of Lapsley afterward^ answered the bill of review, and in the nature of a cross bill, set forth interrogatories for Campbell tq answer. The declaration also states, that afterwards, and before Campbell answered the interrogatories, he departed this life, leaving the defendants (plaintiffs jn this court) his heirs and legal representatives, in whose name, by their consent, the suit was subsequently revived, and afterwards hy their consent, the said Kincaid drew up and filed their answer to. the interrogatories contained in the answer of Lapsley’s heirs. And that afterwards the said defendants, without his approbation, consent or knowledge, did, by a compromise with the heirs of Lapsley, adjust and finally settled the controversy, and that by their order and direction, and without bis consent, the said suit was afterwards finally dismissed, &c, *70 whereby the said Kincaid has a right to have, and recover the said five hundred dollars, &c.
An obligation to an attorney, on condition he shall succeed in. a suit for obligor, is not made absolute on his representatives by the death of obligor preventing the success.
$or after its' -revivor, in name of the heirs by the attorney with their consent, by a compromise made by the heirs, and consequent dismissal of the suit without his consent.
*70 The defendants in the court below,(plaintiffs here,) (1 emu red to the declaration, and the demurrer being joined by Kincaid, judgment was pronounced by the court in favor of Kincaid.
The only question presented for the decision of this court is, whether or not,’ as a conclusion of law from the facts alleged in the declaration, the heirs and representatives of Campbell are liable for the five hundred dollars mentioned in the covenantor Campbell, If liable, it is perfectly clear their liability must have arisen npon the happening of some event since the death of their ancestor Campbell, Prior to that time, the decree which had been pronounced before the date of the covenant in favor of Lapsley’s heirs, had not, through the aid of any services performed by Kincaid, been so changed as to reduce the quantity of acres recovered by Lapsley’s heirs; nor had Campbell done any act to prevent or obstruct the progress of the bill of review, which had been exhibited in his name by Kincaid. By the death of Campbell, Kincaid was prevented from proceeding with the suit, but that event cannot have fixed upon the heirs any legal liability. By the express terms of the covenant, the five hundred dollars was not to be paid, unless Kincaid succeeded in reducing the quantity of acres previously decreed to the heirs of Lapsley, and were it even conceded, that if, by any act of Campbell’s, Kincaid had been prevented from prosecuting the suit, he would have been entitled to the five hundred dollars, it cannot be presumed to have been intended by the parties, that without having succeeded in reducing the quantity of acres previously recovered by the hoirs of Lapsley, the death of Campbell should have the effect of imposing upon his heirs any liability, or confering upon Kincaid any right under the covenant.
But after Campbell’s death, it is alleged in the declaration, that by the consent of the heirs, Kincaid caused an order of the court to be made, reviving the suit in their names, and after having answered interrogatories contained in tljc spsswci; *71 of Lapsley’s heirs to Campbell’s bill of review, it is moreover avered, that without the knowledge, approbation or consent of Kincaid, the suit was compromised by the heirs of Campbell, and in pursuance of that compromise, the suit was finally dismissed. This compromise, it was contended in argument, went to prevent Kincaid from employing the means necessary to a change in the decree, and in legal contemplation, conferecí upon him the same right, and imposed upon the heirs the same liability that would have arisen, had a decree diminishing the quantity of acres previously decreed to the heirs of Lapsley, been actually pronounced by the court under the bill of review. We, however, think differently.
An attorney V power ceases on the death of his client, and a revivor of the suit afterwards in the name of the representatives without their authority, is unwarranted— And—
Where the attorney does revive the suit, and acts for the representatives, his claim is on his engagement with them, not on his contract with the deceased .
The engagement which Kincaid was under by his contract with Campbell to prosecute the suit, must, we apprehend, upon settled principles of law, have ceased with the death of Campbell. Upon the happening of that event, in legal contemplation, the suit must be considered as having abated, and with it, all the duties and authority of Kincaid as attorney in the case, must have terminated. Thus it was decided in the case of Clark’s executors vs. Parish’s executor, 1 Bibb, 647, that the power of an attorney ceases by the death of his client, and that it is an unwarrantable assumption of power in the attorney afterwards to consent to revive the suit.
If, therefore, the authority of Kincaid, as attorney for Campbell, ceased by the death of Campbell, it-follows conclusively, that no act of the heirs, in compromising the suit after it was revived in their names, can fix upon them any liability under the contract between Campbell and Kincaid. It is true that Kincaid acted as the attorney of the heirs, in causing the suit to be revived; but possessing no power to do so under bis engagement with Campbell, he must have derived his authority from the heirs; and to his contract with them, and not to the contract with Campbell, he must resort for compensation for the services performed for tliepi.
The- demurrer to Kincaid’s declaration ought therefore, to have bees sustained,.
*72 The judgment must consequently be reversed with cost, the cause remanded to the court below, and judgment there entered upon the demurrer in bar of the action.
Robertson for plaintiff; Montgomery for defendant.